No. 24,753.

J. C. Perry, *Appellant*, v. Joseph Gillespie, et al., *Appellees.*

SYLLABUS BY THE COURT.

Foreclosure of Mortgage — *Sheriff's Sale — Period of Redemption Eighteen Months*. Eighteen months is the proper period for redemption from a sheriff's sale of real property under a judgment foreclosing a mortgage given by the purchaser of the property after the purchase had been completed, although the money arising from the loan for which the mortgage was given was used by the purchaser to pay an overdraft at the bank caused by his check given for part of the purchase price.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed May 12, 1923. Affirmed.

*A. R. Lamb*, and *Clement A. Reed*, both of Coffeyville, for the appellant.
*Walter S. Keith*, and *Harold McGugin*, both of Coffeyville, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The plaintiff appeals from a judgment in a foreclosure action fixing the period of redemption from sale at eighteen months.

The plaintiff contends that the period of redemption should have been fixed at six months under section 503 of the code of civil procedure, part of which reads:

"Whenever a lien shall be given for the purchase-price of any real estate, and default shall be made in the conditions of the mortgage or instrument giving such lien before one-third of the purchase-price of such real estate shall have been paid by the purchaser thereof, such purchase-money lien may be foreclosed by the legal holder thereof in the manner now provided by law for the foreclosure of other mortgages, and such real estate may be sold under a judgment of foreclosure, as now provided by law: *Provided*, That whenever any such real estate shall be so sold, and the same shall not be redeemed from the judgment by the payment of all principal and interest due upon such lien and costs of such foreclosure within six months from the date of such sale, such sale shall become absolute, and the purchaser at such foreclosure sale shall be immediately entitled to a deed to the real estate purchased."

On January 22, 1920, A. S. Newman and R. P. Newman purchased a business property in Coffeyville from Tom Carey for $50,000, $1,000 of which was paid at that time. A deed was executed by Carey to the Newmans on March 2, 1920, and a mortgage on the property was given by the Newmans to Carey for $25,000 and a check on the Peoples State Bank was also given for $24,000. That check was deposited in the Peoples State Bank on March 3, 1920,

and credit was given therefor. The Newmans borrowed $11,000 of the plaintiff which they represented they wanted to use in helping to buy the property. That money was loaned by the plaintiff, and a second mortgage was given on March 17, 1920, to secure its payment. Negotiations for the loan of $11,000 had been in progress for some time. The loan was made in the evening after banking hours. A check for $9,000 was given by Perry to the Newmans, and the balance was paid in currency. The account of the Newmans in the Peoples State Bank was credited by a deposit of $9,000 on March 18, and by a deposit of $2,000 on March 19. The check for $24,000 given by the Newmans to Tom Carey was marked paid on March 19.

It is argued that the $11,000 loan by the plaintiff to the Newmans was used by them to pay checks drawn by Tom Carey on his account in the Peoples State Bank, and that there were no funds in the bank belonging to the Newmans with which to pay that check. On April 6, Tom Carey had checked out of his account in the Peoples State Bank by various checks all but $1,747.96.

A person who takes a mortgage on real property for money loaned to another to purchase the property from a third person acquires what may be called a purchase-money mortgage. (*Mortgage Co. v. Winters,* 94 Kan. 615, 146 Pac. 1012; 27 Cyc. 1182.) The period for redemption from a foreclosure sale under such a mortgage is fixed at six months by section 503 of the code of civil procedure. But the plaintiff did not loan to the Newmans the money paid by them for the property. On March 3, Carey, by check and by mortgage, received the entire consideration for the property he sold to the Newmans. The money received by them from the plaintiff was not used to pay any part of the purchase price for the property. That money was used to pay part of the overdraft that the Newmans made when they gave the check for $24,000 to Carey. They did not have that amount in the bank when the check was given, but Carey's checks were paid as fast as they were presented, and if he had immediately drawn a check for the entire $24,000, it probably would have been promptly paid. This does not put the plaintiff in the position of one who has advanced money to pay a part of the purchase price of real property. His mortgage was not a purchase-money lien. Eighteen months was the period of redemption that applied to a foreclosure under his mortgage.

The judgment is affirmed.